**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Henry Campbell | | |
| Jermaine Abraham | ) | |
| Edwin Rosario | ) | |
| Jessica Maniotis | ) | **Case No. _____** |
| Sheri Silver | ) | |
| | ) | |
| Plaintiffs, | ) | **COMPLAINT** |
| vs. | ) | |
| | ) | |
| THE CITY OF NEW YORK, | ) | |
| | ) | |
| Defendants. | | |

**INTRODUCTION**

Plaintiffs, by and through their counsel, the law firms of Woodley & McGillivary LLP, and Spivak Lipton LLP, for their complaint against the City of New York ("New York City"), state as follows:

**PARTIES**

1.      Plaintiffs have given their written consent to be party plaintiffs in this action pursuant to 29 U.S.C. § 216(b).  Such written consents are appended to this Complaint in the Attached Appendix. These written consent forms set forth each plaintiff's name and address. The representative plaintiffs are Henry Campbell, Jermaine Abraham, Edwin Rosario, Jessica Maniotis and Sheri Silver. They bring this action as a collective action in accordance with 29 U.S.C. § 216(b) of the Fair Labor Standards Act (FLSA) against the defendant on behalf of themselves and all others similarly situated, because of defendant's unlawful deprivation of plaintiffs' rights to overtime compensation under the FLSA.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.      Venue is proper in this district pursuant to 28 U.S.C. § 1391.

**FACTS**

4.      Plaintiffs are, and at all times material herein have been, employed by the Department of Homeless Services (DHS), City of New York, as a Sergeant or Peace Officer.

5.      At all times material herein, representative plaintiff Henry Campbell has worked as a peace officer at the DHS facility, Flatlands Family Residence, located at 108-75 Avenue D, Brooklyn, NY 11236.  Representative plaintiff Jermaine Abraham worked as a peace officer at the DHS facility, Kingsboro Star Men's Shelter, located at 681 Clarkson Avenue, Brooklyn, NY 11203 from 2008 until June 2014; and thereafter as a sergeant at the DHS facility, Flatlands Family Residence, located at 108-75 Avenue D, Brooklyn, NY 11236.  At all times material herein, representative plaintiff Edwin Rosario has worked as a peace officer at the DHS facility, Jack Ryan Residence, located at 127 West 25th Street, New York, NY 10001.  At all material times herein, representative plaintiff Jessica Maniotis has worked as a peace officer at the DHS facility, Prevention Assistance and Temporary Housing Center ("PATH"), located at 151 East 151st Street, Bronx, NY 10451.  At all material times herein, representative plaintiff Sheri Silver has worked as a peace officer at the DHS facility, Charles Gay Shelter until March 2014, located at 1 Keener Building, New York, NY 10035, then at PATH from March 2014 until April 2016, and thereafter at Franklin

Women's Shelter, located at 1122 Franklin Avenue, Bronx, NY 10456.  These plaintiffs

bring this action on behalf of themselves and the other similarly situated sergeants

and peace officers who work or have worked for defendant at all times material herein.

6.     Plaintiffs bring this action for a declaratory judgment, back pay and other

relief pursuant to 29 U.S.C. § 207, 29 U.S.C. § 216(b), and 28 U.S.C. § 1331 to

remedy the defendant's willful and unlawful violations of federal law complained of

herein.

7.     Each of the plaintiffs in this action while employed by defendant has been

an "employee" within the meaning of the Fair Labor Standards Act (FLSA), 29 U.S.C.

§ 203(e)(1).

8.     Defendant New York City is, among other things, a juridical entity amenable

to suit under the FLSA in that it is, and was at all times material hereto, a public

agency within the meaning of Section 3(x) of the FLSA, 29 U.S.C. § 203(x).  New York

City has a principal office and place of business located at Broadway and Park Row,

New York, New York, 10007, and may be served with process by serving the Office of

Corporation Counsel, 100 Church Street, New York, 10007.

9.     Within the last three years and continuing to date, while working in the

position of peace officer on behalf of defendant, the representative plaintiffs' job duties

include but are not limited to: guarding DHS personnel and property as assigned;

investigating suspicious conditions and circumstances; giving attention to hazardous

conditions; maintaining an activity log; maintaining records and submitting written

reports; patrolling DHS facilities; taking necessary action to maintain order, and

prevent theft and destruction; and making arrests on DHS premises.

3

10.     Within the last three years and continuing to date, while working in the position of sergeant on behalf of defendant, the representative plaintiffs' job duties include but are not limited to: supervising all police operations within the facility during tour of duty; immediately responding to incidents involving arrests or other emergencies; inspecting uniforms and equipment; conducting investigations and submitting reports on injuries to staff members or damage to DHS property; maintaining an activity log; patrolling facilities; keeping desk officer notified of current matters of importance; preparing and maintaining bulletin boards and assuring notifications are current and authorized; and distributing DHS directives as required.

11.     While working as sergeants or peace officers, the representative plaintiffs routinely work over 40 hours a week and do not receive overtime compensation at the rate of one and one-half times their regular rate of pay for all hours worked over 40 in a week.  Sergeants and peace officers are scheduled to work 42.5 hours a week, as their regular schedule, with one half hour automatically deducted each shift for meal periods. In addition, and as described in further detail below, they frequently work overtime.

12.     Plaintiffs employed as peace officers must routinely perform the job duties described in Paragraph 9 outside their regular schedule, including before and after their shift and during their meal period, because they must prepare for roll call and change into their uniforms before their shift begins, and because they cannot leave their posts at the end of their shift unless they are properly relieved.

13.     Plaintiffs employed as sergeants must routinely perform the job duties described in Paragraph 10 outside their regular schedule, including before and after

4

their shift and during their meal period, because they must prepare for roll call and change into their uniforms before their shift begins, and because they cannot leave their posts for meals or at the end of their shift unless they are properly relieved.

14.     The defendant captures the work hours of sergeants and peace officers, including time spent working after the end of their scheduled shift, on the defendant's time keeping system, "CityTime" or "CitiTime," which is accessible at most but not all of the sergeants' and peace officers' work locations.  CityTime, which is maintained by the defendant, tracks the work time by the minute. At some locations, sergeants and peace officers must travel to a different location once a week to input their work times. Sergeants and peace officers who must travel to different locations to input their work times are frequently told to log only their regular schedule, even if they arrive early or stay late.

15.     While working as sergeant, representative plaintiff Abraham, and all those similarly situated, perform work during their meal periods that is uncompensated.  This work time is observed by the sergeants' supervisors and managers.  The sergeants routinely perform this work during weeks in which their paid time, due to overtime, exceeds 40 hours in a work-week.

16.     For example, representative plaintiff Henry Campbell is a peace officer assigned to Flatlands Family Residence and works over 40 hours in a work-week (excluding his unpaid meal periods) approximately 2 to 3 weeks out of every 4 weeks. When plaintiff Campbell works over 40 hours in a work-week, he performs the duties described in Paragraph 9. When plaintiff Campbell works over 40 hours in a work-week while performing these duties, defendant fails to properly compensate plaintiff,

even when the work performed is recorded by the defendant's timekeeping system. Plaintiff Campbell is regularly scheduled to work from 7:30 AM to 4:00 PM, 5 days per week. Approximately 1 to 2 times per week plaintiff Campbell arrives 15 to 30 minutes before the start of his shift and begins working. During this time, plaintiff Campbell is preparing for roll call and changing into his uniform because he has been told that he must change on site. Approximately 2 times per week, plaintiff Campbell continues performing the job duties described in paragraph 9 for approximately 15 to 20 minutes after the end of his shift because the next officer has not come to relieve him, and he cannot leave his post. When plaintiff Campbell performs these unpaid work activities, it causes him to work in excess of 40 hours per week, for which he is not compensated. For example, during the week of September 6 to 12, 2015, plaintiff Campbell worked a total of 48 hours, excluding his meal periods, and he was not compensated for 30 minutes of time that he worked. During this recorded work time, plaintiff Campbell performed the regular duties identified above and in Paragraph 9. Similarly, plaintiff Campbell worked 48 hours during the week of October 11 to 17, 2015, excluding his meal periods, but was not compensated for 30 minutes during which, plaintiff Campbell performed the regular duties identified above and in Paragraph 9.

17.     For example, representative plaintiff Jermaine Abraham is a sergeant assigned to Flatlands Family Residence and works over 40 hours in a work-week (excluding his unpaid meal periods) approximately 3 to 4 weeks out of every 4 weeks. When plaintiff Abraham works over 40 hours in a work-week, he performs the duties described in Paragraph 10. When plaintiff Abraham works over 40 hours in a work-

week while performing these duties, defendant fails to properly compensate plaintiff, even when the work performed is recorded by the defendant's timekeeping system. Plaintiff Abraham is regularly scheduled to work from 7:30 AM to 4:00 PM, 5 days per week. Approximately 2 to 3 times per week plaintiff Abraham arrives 15 to 30 minutes before the start of his shift and begins working. During this time, plaintiff Abraham is preparing for roll call and changing into his uniform because he has been told that he must change on site. Approximately 3 to 4 times per week, plaintiff Abraham continues performing the job duties described in paragraph 10 for approximately 20 to 30 minutes after the end of his shift because the next officer has not come to relieve him, and he cannot leave his post. Plaintiff Abraham must also perform the job duties listed in paragraph 10 through his meal period approximately 4 to 5 times per week because he is the only sergeant on duty and cannot leave his post.  When plaintiff Abraham performs these unpaid work activities, it causes him to work in excess of 40 hours per week, for which he is not compensated.  For example, during the week of May 1 to 7, 2016, plaintiff Abraham worked a total of 61 hours and 15 minutes, excluding his meal periods, and he was not compensated for 1 hour and 45 minutes of time that he worked pre-shift and post-shift, and which was recorded on Defendant's timekeeping system. During this recorded work time, plaintiff Abraham performed the regular duties identified above and in Paragraph 10. Similarly, plaintiff Abraham worked 45 hours during the week of June 26 to July 2, 2016, excluding his meal periods, but was not compensated for 1 hour and 30 minutes of this recorded work time although plaintiff Abraham performed the regular duties identified above and in Paragraph 10.

18.     For example, representative plaintiff Edwin Rosario is a peace officer assigned to Jack Ryan Residence and works over 40 hours in a work-week (excluding his unpaid meal periods) approximately 3 to 4 weeks out of every 4 weeks. When plaintiff Rosario works over 40 hours in a work-week, he performs the duties described in Paragraph 9. When plaintiff Rosario works over 40 hours in a work-week while performing these duties, defendant fails to properly compensate plaintiff, even when the work performed is recorded by the defendant's timekeeping system. Plaintiff Rosario is regularly scheduled to work from 7:30 AM to 4:00 PM, 5 days per week. Approximately 1 to 2 times per week plaintiff Rosario arrives 15 to 30 minutes before the start of his shift and begins working.  During this time, plaintiff Rosario is preparing for roll call and changing into his uniform because he has been told that he must change on site. Approximately 2 times per week, plaintiff Rosario continues performing the job duties described in paragraph 9 for approximately 10 to 15 minutes after the end of his shift because the next officer has not come to relieve him, and he cannot leave his post. When plaintiff Rosario performs these unpaid work activities, it causes him to work in excess of 40 hours per week, for which he is not compensated. For example, during the week of July 3 to 9, 2016, plaintiff Rosario worked for a total of 52 hours and 45 minutes, excluding his meal periods, and he was not compensated for 2 hours and 45 minutes of time that he worked. During this recorded work time, plaintiff Rosario performed the regular duties identified above and in Paragraph 9. Similarly, plaintiff Rosario worked 52 hours during the week of April 17 to 23, 2016, excluding his meal periods, but was not compensated for 1 hour and 30 minutes of

this recorded work time although plaintiff Rosario performed the regular duties identified above and in Paragraph 9.

19.     For example, representative plaintiff Jessica Maniotis is a peace officer assigned to PATH Center and works over 40 hours in a work-week (excluding her unpaid meal periods) approximately 3 weeks out of every 4 weeks. When plaintiff Maniotis works over 40 hours in a work-week, she performs the duties described in Paragraph 9. When plaintiff Maniotis works over 40 hours in a work-week while performing these duties, defendant fails to properly compensate plaintiff, even when the work performed is recorded by the defendant's timekeeping system. Plaintiff Maniotis is regularly scheduled to work from 2:00 PM to 10:30 PM, 5 days per week. Approximately 3 to 4 times per week plaintiff Maniotis arrives 15 to 30 minutes before the start of her shift and begins working. During this time, plaintiff Maniotis is preparing for roll call and changing into her uniform because she has been told that he must change on site. Approximately 2 times per week, plaintiff Maniotis continues performing the job duties described in paragraph 9 for approximately 5 to 10 minutes after the end of her shift because the next officer has not come to relieve her, and she cannot leave her post. When plaintiff Maniotis performs these unpaid work activities, it causes her to work in excess of 40 hours per week, for which she is not compensated. For example, during the week of April 24 to 30, 2016, plaintiff Maniotis worked a total of 51 hours and 45 minutes, excluding her meal periods, and she was not compensated for 1 hour of time that she worked. During the recorded work time, plaintiff Maniotis performed the regular duties identified above and in Paragraph 9. Similarly, plaintiff Maniotis worked 62 hours and 15 minutes during the week of June

9

12 to 18, 2016, excluding her meal periods, but was not compensated for 45 minutes of the recorded work time although plaintiff Maniotis performed the regular duties identified above and in Paragraph 9.

20.     For example, representative plaintiff Sheri Silver is a peace officer assigned to Franklin Women's Shelter and works over 40 hours in a work-week (excluding her unpaid meal periods) approximately 2 weeks out of every 4 weeks. When plaintiff Silver works over 40 hours in a work-week, she performs the duties described in Paragraph 9. When plaintiff Silver works over 40 hours in a work-week while performing these duties, defendant fails to properly compensate plaintiff, even when the work performed is recorded by the defendant's timekeeping system. Plaintiff Silver is regularly scheduled to work from 7:30 AM to 4:00 PM, 5 days per week. Approximately 2 times per week, plaintiff Silver continues performing the job duties described in paragraph 9 for approximately 5 to 15 minutes after the end of her shift because the next officer has not come to relieve her, and she cannot leave her post. Sometimes, when plaintiff Silver works beyond the end of her shift, her supervisors tell her to input only her regularly scheduled end time, and not her true and correct end time. Additionally, from April 2016 until mid-October 2016, Franklin Women's Shelter did not have timekeeping capabilities and plaintiff Silver and other peace officers and sergeants had to travel to PATH once every week to input their hours. The total trip takes approximately 1.5 to 2 hours, for which plaintiff Silver and all those similarly situated were uncompensated. When plaintiff Silver performs these work activities, it causes her to work in excess of 40 hours per week, for which she is not compensated.

21.     The amounts of uncompensated work time that each sergeant or peace officer works at the end of each of their shifts is recorded on defendant's timekeeping system as "uncompensated hours" or "noncompensable hours." Defendant's timekeeping system, which is accessible at most locations, is called "CityTime" or "CitiTime." The amount of uncompensated time each plaintiff sergeant or peace officer has worked in excess of 40 hours a week can be determined through an analysis of defendant's own records. This is true for both the representative plaintiffs and all of the other current and former employees of defendant employed during the past three years in the position of sergeant or peace officer at DHS. At other locations, sergeants or peace officers must travel to another location once a week to input their work hours.

22.     Similar to the representative peace officer plaintiffs identified above, all of those who are similarly situated routinely work more than 40 hours in a work-week and are denied compensation at the rate of one and one-half times their regular rate of pay for each hour of overtime worked over 40 hours a week in a work-week for work performed during uncompensated meal periods and after their shifts. The precise amount of uncompensated work time each peace officer plaintiff performs can be identified through defendant's timekeeping system and through other work and pay records.

23.     Similar to the representative sergeant plaintiff identified above, all of those who are similarly situated routinely work more than 40 hours in a work-week and are denied compensation at the rate of one and one-half times their regular rate of pay for each hour of overtime worked over 40 hours a week in a work-week for work performed during uncompensated meal periods and after their shifts. The precise

amount of uncompensated work time each sergeant plaintiff performs can be identified

through defendant's timekeeping system and through other work and pay records.

### *Night Shift Differential Pay and the Rate At Which Overtime is Paid*

24.     When plaintiffs work in the evenings between the hours of 6:00 PM and

6:00 AM, they receive night shift differential pay of ten percent (10%) of their basic

rate of pay.  In calculating cash overtime payments for plaintiffs, defendant fails to

include night shift differential pay in the regular rate of pay at which overtime is paid to

the plaintiffs. For example, representative plaintiff Maniotis worked 50 hours in the

work-week ending on March 19, 2016 and earned night differential for hours worked

between 6:00 PM and 6:00 AM, but the night shift differential pay was not included in

the rate at which overtime was paid for that period. Similarly, representative plaintiff

Rosario worked 48 hours and 15 minutes in the work-week ending on May 7, 2016

and earned night differential for hours worked between 6:00 PM and 6:00 AM, but the

night shift differential pay he received was not included in the rate at which overtime

compensation was paid for that period.

25.     Similar to the representative plaintiffs identified above, all sergeants and

peace officers employed by DHS are similarly situated and routinely work more than

40 hours in a work-week, but are denied proper compensation because defendant

continues to miscalculate the regular rate by failing to include night shift differential

pay. The precise amount of night shift differential pay each sergeant or peace officer

plaintiff receives can be identified through CityTime and through other work and pay

records, and thus the amount of damages can be determined that result from

defendant's failure to include these payments in the regular rate of pay at which overtime is paid.

*Payment of Compensatory Time at the Rate of*
*One Hour for One Hour of Overtime Worked*

26.     Plaintiffs who work over 40 hours a week who work what the defendant considers to be "approved overtime" that the defendant classifies as "voluntary" can be paid in compensatory time rather than cash.  When the plaintiffs are paid in compensatory time rather than cash for overtime work, they are paid one hour of compensatory time for each hour of overtime that is worked during weeks in which plaintiffs work more than 40 hours a week. For example, representative plaintiff Abraham earned 1 hour of compensatory time for 1 hour of overtime worked in the work week ending on July 2, 2016. In another example, representative plaintiff Rosario earned 13 hours of compensatory time for 13 hours of overtime worked in the work week ending on April 9, 2016. Plaintiff Rosario also earned 15 hours and 15 minutes of compensatory time for 15 hours and 15 minutes of overtime worked in the work week ending on April 16, 2016.

27.     Similar to the representative plaintiffs identified above, all sergeants and peace officers employed by DHS are similarly situated and routinely work more than 40 hours in a work-week, but are denied proper compensation because defendant continues to provide compensatory time on an hour-for-hour, or straight time, basis for hours worked over 40 in a week. The precise amount of straight time compensatory time for hours worked over 40 in a week by each sergeant or peace officer plaintiff can be identified through CityTime and through other work and pay records.

*Late Payment of Overtime Worked*

28.     When plaintiffs are paid for overtime compensation in cash, defendant delays the payment of overtime beyond the next pay period for which the plaintiffs are paid for their regular work hours and in compensatory time for their overtime hours. The delay in payment is done either because the defendant's managerial staff has simply failed to transmit purportedly necessary information to payroll that defendant likes to have to pay overtime to plaintiffs, because defendant simply does not want to incur the cost for budgetary reasons in that particular financial quarter (e.g., when employees' pay exceeds a predetermined cap), or for other reasons that are unrelated to defendant's ability to determine the amount of overtime compensation that is owed to the plaintiffs. For example, representative plaintiff Campbell earned overtime compensation on February 28, 2016, but did not receive the payment for those hours until April 8, 2016.

29.     Similar to the representative plaintiffs identified above, all sergeants and peace officers employed by DHS are similarly situated and are paid for overtime hours worked more than 2 pay periods after the plaintiffs worked and earned the overtime compensation. The precise number of times this happened to each sergeant or peace officer plaintiff, and the precise amount of overtime compensation that was delayed in each instance, can be identified through CityTime and through other work and pay records.

**COUNT I**

**FAILURE TO PAY OVERTIME FOR ALL HOURS PLAINTIFFS ARE SUFFERED OR PERMITTED TO WORK IN VIOLATION OF SECTION 7(a) OF THE FLSA, 29 U.S.C. § 207(a)**

30.     Plaintiffs hereby incorporate by reference paragraphs 1 through 29 in their entirety and restate them herein.

31.     At all times material herein, during those work weeks in which the sergeant or peace officer plaintiffs have worked hours in excess of 40 hours a week, they have performed work activities without compensation after their shifts, which is recorded on defendant's timekeeping system CityTime, and during their meal periods, which is recorded through other work and pay records. Accordingly, as a result of these pay practices, defendant has failed to provide plaintiffs with the rights and protections provided under section 7(a) of the FLSA, 29 U.S.C. § 207(a).

32.     Section 207 of the FLSA requires the payment of overtime compensation to employees who work in excess of the hourly standards set forth therein.  In particular, Section 207(a) requires the payment of overtime compensation at the rate of one and one-half times each employee's regular rate of pay for all hours the employees are suffered or permitted to work in excess of forty hours per week.  Defendant has failed to comply with the overtime pay requirements of the FLSA in the manner outlined herein by failing to compensate plaintiffs for work that they have been suffered or permitted to work during their uncompensated meal periods and after the official end time of their shifts.

33.     As a result of defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been

15

precisely determined.  The employment and work and pay records for the plaintiffs are in the exclusive possession, custody and control of the defendant and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them.  Defendant is under a duty imposed by the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions, to maintain and preserve payroll and other employment records with respect to the plaintiffs from which the amount of defendant's liability can be ascertained.

34.     Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

35.     Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT II

## FAILURE TO PROPERLY CALCULATE THE REGULAR RATE OF PAY IN VIOLATION OF SECTION 7 OF THE FLSA

36.     Plaintiffs hereby incorporate by reference paragraphs 1 through 35 in their entirety and restate them herein.

37.      Section 207(a) of the FLSA, 29 U.S.C. § 207(a), as well as the regulations of the U.S. Department of Labor, 29 CFR Part 778, *et seq.*, require that all forms of remuneration be included in the rate at which FLSA overtime is paid, with some limited exceptions.  Defendant has failed to include certain premium payments such as night shift differential pay that are made in addition to employees' regular pay in the regular

rates of pay at which overtime pay is calculated for the plaintiffs as required under the law.

38.     Defendant's failure to include night shift differential pay in plaintiffs' regular rates of pay violates section 7(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.207(b).  The failure to include night shift differential pay in plaintiffs' regular rates means that when plaintiffs receive paid overtime for working over 40 hours a week, they are paid at a rate that is below the rate mandated by the FLSA.

39.     As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined.  The employment and work and pay records for the plaintiffs are in the exclusive possession, custody and control of defendant and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them. Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

40.     Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

41.     Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

**COUNT III**

**FAILURE TO PAY FLSA OVERTIME IN A TIMELY MANNER BY PAYING FOR OVERTIME WEEKS OR EVEN MONTHS AFTER THE OVERTIME HAS BEEN WORKED**

42.     Plaintiffs hereby incorporate by reference paragraphs 1 through 41 in their entirety and restate them herein.

43.     The FLSA mandates that overtime compensation be paid on the regular pay day for the period in which such work-week ends. Overtime payments under the Act may not be delayed except as reasonably necessary to compute the amount owned and in no event shall such payments be delayed beyond the next payday after such computation can be made. 29 C.F.R. § 778.106.  Defendant has violated these basic principles by delaying plaintiffs' overtime payments for working in excess of 40 hours a week by weeks and in some cases months, with such delay not being reasonably necessary to compute calculating plaintiffs' overtime pay, but rather because of a failure by management personnel to approve overtime payments or due to management withholding such payments until the next budgetary quarter.

44.     Defendant's failure to pay plaintiffs FLSA overtime pay in a timely manner and its withholding of such overtime payments violates section 7(a) of the FLSA. 29 U.S.C. § 207(a); 29 C.F.R. § 778.106.

45.     As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined.  The employment and work and pay records for the plaintiffs are in the exclusive possession, custody and control of defendant and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them, but

18

from these payroll records, plaintiffs will be able to ascertain the precise extent of these violations of section 7(a) of the FLSA, 29 U.S.C. § 207(a).  Defendant is under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

46.     Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

47.     Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).

## COUNT IV

### FAILURE TO COMPLY WITH THE REQUIREMENT THAT FLSA OVERTIME BE PAID AT THE RATE OF ONE AND ONE-HALF TIMES THE PLAINTIFFS' REGULAR RATES OF PAY AND INSTEAD COMPENSATING PLAINTIFFS WITH STRAIGHT TIME, HOUR FOR HOUR COMPENSATORY TIME

48.     Plaintiffs hereby incorporate by reference paragraphs 1 through 47 in their entirety and restate them herein.

49.     During the times that plaintiffs have worked in excess of 40 hours in a week, and plaintiffs have chosen to be compensated in compensatory time, Defendant has provided such compensatory time at the rate of one hour for each hour of overtime worked.

50.     Section 207(o) of the FLSA, 29 U.S.C. § 207(o), permits public agency employers such as defendant to provide compensatory time in lieu of cash overtime to their employees as payment for overtime hours worked, but only provided that certain

conditions are met.  See 29 U.S.C. § 207(o); 29 C.F.R. §§ 553.20-28.  One of the basic requirements is that employees receive compensatory time at the rate of one and one-half hours of compensatory time for each hour of overtime worked.  29 U.S.C. § 207(o)(1).  Defendant has violated section 7(o) of the FLSA, 29 U.S.C. §§ 207(o) by failing and refusing to compensate plaintiffs for their overtime work at the rate of one and one-half hours of compensatory time for each overtime hour worked, and instead compensating them at the rate of one hour of compensatory time for each hour of overtime worked.

51.     As a result of the defendant's willful and purposeful violations of the FLSA, there have become due and owing to the plaintiffs an amount that has not yet been precisely determined.  The employment and work and pay records for the plaintiffs are in the exclusive possession, custody and control of defendant and its public agencies and the plaintiffs are unable to state at this time the exact amount owing to them, but from these payroll records, plaintiffs will be able to ascertain the precise extent of these violations of section 7(a) of the FLSA, 29 U.S.C. § 207(a).  Defendant are under a duty imposed under the FLSA, 29 U.S.C. § 211(c), and various other statutory and regulatory provisions to maintain and preserve payroll and other employment records with respect to the plaintiffs and other employees similarly situated from which the amount of defendant's liability can be ascertained.

52.     Pursuant to 29 U.S.C. § 216(b), plaintiffs are entitled to recover liquidated damages in an amount equal to their back pay damages for the defendant's failure to pay overtime compensation.

53.     Plaintiffs are entitled to recover attorneys' fees and costs under 29 U.S.C. § 216(b).


## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiffs hereby demand that their claims be tried before a jury.


## PRAYER FOR RELIEF

WHEREFORE, the plaintiffs pray that this Court:

(a)  Enter judgment declaring that the defendant has willfully and wrongfully violated their statutory obligations, and deprived each of the plaintiffs of his and her rights;

(b)  Order a complete and accurate accounting of all the compensation to which the plaintiffs are entitled;

(c)  Award plaintiffs monetary liquidated damages equal to their unpaid compensation;

(d)  Award plaintiffs interest on their unpaid compensation;

(e)  Award plaintiffs their reasonable attorneys' fees to be paid by the defendant, and the costs and disbursements of this action; and

(f)  Grant such other relief as may be just and proper.


Respectfully submitted,


/s/ Hope Pordy
Hope Pordy
SPIVAK LIPTON, LLP
1700 Broadway, Suite 2100
New York, NY  10019
Phone: (212) 765-2100
hpordy@spivaklipton.com


/s/ Gregory K. McGillivary
Gregory K. McGillivary
WOODLEY & McGILLIVARY LLP
1101 Vermont Ave., N.W., Suite 1000
Washington, DC  20005
Phone: (202) 833-8855
gkm@wmlaborlaw.com
slf@wmlaborlaw.com