HB33CAMC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

HENRY CAMPBELL, et al.,

                    Plaintiffs,

           v.                          16 CV 8719 (AJN)

CITY OF NEW YORK,

                    Defendant.

------------------------------x
                                   New York, N.Y.
                                   November 3, 2017
                                   2:15 p.m.

Before:

                    HON. ALISON J. NATHAN,

                                        District Judge

                         APPEARANCES

WOODLEY & MCGILLIVARY, LLP
     Attorneys for Plaintiffs
BY:  DAVID W. RICKSECKER
        GREGORY K. McGILLIVARY
           -and-
SPIVAK LIPTON, LLP
     Attorneys for Plaintiffs
BY:  HOPE A. PORDY

NEW YORK CITY LAW DEPARTMENT
     Attorneys for Defendant
BY:  KERRIN A. BOWERS

HB33CAMC

```
1
2              THE DEPUTY CLERK:  Case number 17 CV 8719.  Campbell
3    v. the City of New York.
4              THE COURT:  Good afternoon, everyone.  I'll take
5    appearances of counsel starting with the plaintiffs.
6              MR. RICKSECKER:  Yes.  David Ricksecker with Woodley &
7    McGillivary.
8              THE COURT:  Good afternoon.
9              MR. McGILLIVARY:  Greg McGillivary.
10             THE COURT:  Good afternoon.
11             MS. PORDY:  Hope Pordy, Spivak Lipton.
12             THE COURT:  Good afternoon, Ms. Pordy.  Thank you.
13   And for the city?
14             MS. BOWERS:  Kerrin Bowers, Office of Corporation
15   Counsel, City of New York.  Good afternoon, your Honor.
16             THE COURT:  Good afternoon -- Ms. Bowers?
17             MS. BOWERS:  Yes.
18             THE COURT:  Thank you.  Good afternoon, Ms. Bowers.
19   All right.  We are here for our initial pretrial conference in
20   this FLSA matter following the motion practice.  I am in
21   receipt of your joint letter and proposed case management plan,
22   and I thank you for those.  I have some familiarity with the
23   case as a result of the motion practice.  But if you would
24   situate me as you see fit any further for purposes of our
25   scheduling discussion, and in particular what's anticipated in
```

HB33CAMC

1    terms of discovery.  Obviously you're seeking an extended

2    schedule here.  If you can talk about why that's necessary and

3    sufficient for what needs to be done, we'll finalize the case

4    management plan and I'll inquire as to how the Court can be of

5    assistance regarding settlement.

6          MR. RICKSECKER:  Thank you, your Honor.  In our case

7    management plan, the original dates we set forth were all kind

8    of tentative on the date of the notice going out and the

9    closing of that opt-in date.

10          As you saw this morning, we've agreed on the time for

11    that opt-in period to close.  And so, I think we can actually

12    fill in some hard dates on some of the case management plan.

13    We had things like 60 days from that date or -- so if you want,

14    we could go through that and we can plug in actual dates for

15    some of those.

16          THE COURT:  Well, what I'll ask is once we're done,

17    I'll ask you to submit just a revised version with the hard

18    dates, but talk me through your thinking for the periods that

19    you're seeking.

20          MR. RICKSECKER:  Okay.  So, what we envision is the

21    notice will go out next week.  After 60 days, it will be

22    closed.  The parties are in discussions on a stipulation to

23    limit discovery to narrow down the number of plaintiffs that

24    have to respond to written discovery and depositions.

25          THE COURT:  What's the basic thinking in terms of the

HB33CAMC

1  selection process?

2          MR. RICKSECKER:  So the basic idea of the selection

3  process would be I believe 5 percent of the --

4          MS. BOWERS:  Yes 5 percent.

5          MR. RICKSECKER:  5 percent of the employees in the

6  position.  So, there's two positions at issue, peace officers

7  and sergeants.  And there is a certain amount of geography to

8  make sure we have diversity of where they're working.  That

9  would kind of -- that would be the underlying basis for this.

10  And then it would just be randomly selected from the plaintiffs

11  of who would be the discovery plaintiff.  We will do that.

12  Again, we haven't finalized that stipulation, but typically,

13  we'll make that selection a few weeks after the close of the

14  opt-in period.

15          THE COURT:  You said that's 60 days.

16          MR. RICKSECKER:  Correct.  60 days from next

17  Wednesday, I believe.  And at that point, the parties will

18  engage in the limited discovery with the exception of producing

19  all of the pay data and CityTime records for the entire

20  universe of plaintiffs.

21          THE COURT:  Okay.  Go ahead.

22          MR. RICKSECKER:  That's kind of, at this point for our

23  discovery plan, that's kind of what we envisioned going

24  forward.

25          THE COURT:  Okay.  So that would put us at the close

HB33CAMC

1   of discovery approximately when?

2          MR. RICKSECKER:  That would I believe put discovery

3   closing in August of 2018.  August 8 of 2018.

4          MS. BOWERS:  I believe eight months is September.  If

5   that's -- oh.  I'm sorry.  Yes.

6          MR. RICKSECKER:  September?

7          THE COURT:  We're talking eight months from two months

8   from now.  So 10 months from now.

9          MR. RICKSECKER:  That's right, I'm sorry.

10          THE COURT:  It is November.  All right.

11          Is there an estimate as to the size, in other words,

12   5 percent will represent approximately how many people?

13          MR. RICKSECKER:  As this is an opt-in we can't be

14   100 percent as to how many will opt-in to participate.  The

15   universe we're looking at is 1200 approximately.  And so, you

16   know, it could vary, probably 50 percent or something along

17   that line.  So 630 discovery plaintiffs, somewhere around there

18   is what I would anticipate.

19          THE COURT:  All right.

20          MR. RICKSECKER:  One additional matter I just wanted

21   to raise with the Court is the city and the plaintiffs, the

22   city has responded to some of our discovery requests and

23   produced pay data, and it is the FISA pay data as well as

24   CityTime records for 288 of the 295 plaintiffs that have opted

25   in at this point.

HB33CAMC

| | |
|---|---|
| 1 | And in our review of that data, we got it two weeks |
| 2 | ago, we've been able to determine with precision some of the |
| 3 | violations of the other claims that were addressed in the |
| 4 | motions practice.  On the motion to dismiss regarding the |
| 5 | regular rate claims, the late payment, and the paying overtime |
| 6 | at the straight time rate.  So the plaintiffs would like to |
| 7 | seek the opportunity to amend the complaint to include these |
| 8 | additional examples of the violations of the FLSA for those |
| 9 | three claims, for the plaintiffs. |
| 10 | THE COURT:  I'll hear from Ms. Bowers on that point. |
| 11 | Anything further from the plaintiffs' side? |
| 12 | MR. RICKSECKER:  No, I believe that is it for now. |
| 13 | THE COURT:  Ms. Bowers, if you'll address the |
| 14 | amendment question and then generally the schedule. |
| 15 | MS. BOWERS:  Thank you, your Honor.  The city opposes |
| 16 | that request.  There has been motion practice already, as your |
| 17 | Honor is aware, and plaintiffs were dismissed with prejudice |
| 18 | from those three additional claims.  And I believe your Honor |
| 19 | addressed that pretty thoroughly in your decision to say that |
| 20 | the plaintiffs did not seek at that time to amend the |
| 21 | complaint.  There has been no amendment in this case.  And the |
| 22 | fact -- |
| 23 | THE COURT:  That was in the face of your opposition. |
| 24 | MS. BOWERS:  Yes. |
| 25 | THE COURT:  Given an expressed opportunity to amend in |

HB33CAMC

1     light of it.

2              MS. BOWERS:  Yes.

3              THE COURT:  So his contention is but you have now

4     turned over discovery which gives us new information that we

5     didn't have a good-faith basis for making before, I guess.

6              MS. BOWERS:  Well, I understand, your Honor.  But at

7     that point, you know, because we turned over data, you know --

8     there could have been -- it could have been asking other people

9     in the class at that point or other potential plaintiffs as to

10    allegations specific to certain weeks or times for these other

11    allegations.  The fact we turned over data that would now open

12    the door to allow them to amend, given we were proceeding in

13    this case and now we have a collective as to Count One, and to

14    keep amending and adding in more plaintiffs now for Counts Two

15    through Four, is, I mean, I think they've had their opportunity

16    to do that.

17             THE COURT:  What do you say to that?

18             MR. RICKSECKER:  Your Honor, this is data that is not

19    easily accessible to the plaintiffs.  And I can refer you to a

20    similar case, involving the same agency, where we, the

21    plaintiffs, sought to amend based on data produced by the city,

22    on these three same claims.  And that's the Murray v. City of

23    New York case with Judge Castel.

24             THE COURT:  And there, the judge had previously

25    dismissed with prejudice following an expressed opportunity to

HB33CAMC

```
 1    amend in face of the motion to dismiss arguments.

 2              MR. RICKSECKER:  It was -- it was not with prejudice,

 3    and it also, we had actually had a previous amended complaint

 4    in that case before the motion to dismiss.

 5              THE COURT:  I mean, I think at some point the

 6    pleadings need to sit still.  You had a full opportunity to

 7    make allegations, so I'm disinclined to allow amendment at this

 8    time.

 9              MR. RICKSECKER:  I understand that, your Honor.  And

10    if I may, the violations are systemic.  For example, of the 288

11    individuals they did produce data for, there are 285 of those

12    individuals are regular rate violations.  There is --

13              THE COURT:  Why couldn't there be -- are you asking me

14    to reconsider my decision?

15              MR. RICKSECKER:  No, your Honor.  We're simply --

16              THE COURT:  You're --

17              MR. RICKSECKER:  In order to comply with your decision

18    for us not providing specific data, and we'll provide specific

19    data for all 288 plaintiffs that we have data for, examples of

20    this, to amend the complaint to show this is indeed systemic.

21    And to give your Honor comfort in our pleadings that they are

22    specifically pled and this is basically an effort to, you know,

23    respond to your ruling to provide more specific information.

24              THE COURT:  The ruling was a dismissal with prejudice.

25              MR. RICKSECKER:  We understand that, for a certain
```

HB33CAMC

number of the named plaintiffs.  There was three in one claim

and four in the other.  There are some plaintiffs that did

plead with specificity that remain.  So those claims still

remain, and we have found for the other plaintiffs that have

opted in, since the initial filing of the complaint, that they

additionally have these claims.  So we would like to amend that

in order to incorporate those in this case.

             THE COURT:  You can bring a motion to amend.  When

would you like to do that?

             MR. RICKSECKER:  We would be prepared to do it in the

next seven days.

             THE COURT:  One week.  Opposition two weeks.

             MS. BOWERS:  Your Honor, I would ask for two weeks.

             THE COURT:  Fine.  We're in vigorous agreement.

             MR. RICKSECKER:  Thank you, your Honor.

             THE COURT:  So one week for the motion, two weeks to

oppose, one week to reply.  And I'll consider it.  I mean, it

sounds like a back door motion to reconsider the dismissal with

prejudice, but I'll look at your arguments.

             Ms. Bowers, anything further from the city's

perspective as to the schedule?

             MS. BOWERS:  No, your Honor.  I think that was the

outstanding issue about amendment and joinder of parties

pursuant to what was remaining on our order.  So it seems that

that motion might address that piece of it.

HB33CAMC

```
 1              THE COURT:  Say that again?

 2              MS. BOWERS:  From the scheduling order --

 3              THE COURT:  The amendment question?

 4              MS. BOWERS:  Yes.  So I think the motion practice

 5    might address that.

 6              THE COURT:  Yes.

 7              MS. BOWERS:  Also, I just wanted to point out we

 8    are -- as Mr. Ricksecker said, we are negotiating the terms of

 9    the discovery stipulation that we will submit to your Honor.

10              THE COURT:  What's the time frame?  Maybe you said

11    that.

12              MS. BOWERS:  I was going to speak with him today about

13    certain things, so hopefully --

14              THE COURT:  Within a week?

15              MS. BOWERS:  Yes.

16              THE COURT:  I appreciate counsel working out what

17    sounds like a reasonable statistical sampling of plaintiffs for

18    purposes of reasonable and proportionate discovery, and I'll

19    look forward to your stipulation.  I'll otherwise enter the --

20    well, you'll submit, if you would, by end of day Monday a

21    renewed case management plan that has the appropriate dates,

22    based on the time frames that you've agreed to.  Okay?

23              MR. RICKSECKER:  Yes, your Honor.

24              THE COURT:  I'll enter that.  You'll be on that

25    schedule.  Obviously there are a lot of plaintiffs to deal
```

HB33CAMC

1    with, but with the sample you're proposing certainly the length

2    of time following the close of the opt-in period should be

3    sufficient to do what you need to do.  I believe in fair but

4    efficient schedules and sticking to them once they're imposed,

5    so do what you need to do sooner rather than later.

6           If during the course of discovery you have disputes

7    try to work them out and continue the meet and confer process

8    that you've been engaged in.  If you can't resolve them, you

9    can come to me pursuant to my individual rules and I'll give

10   you quick resolution to keep the case moving forward.  Barring

11   any exceptional circumstances, the schedule that we put in

12   place on Monday will be the schedule that controls the case.

13          With respect to settlement, what would be of

14   assistance?

15          MR. RICKSECKER:  Your Honor, the plaintiffs would be

16   interested in engaging in settlement discussions either with

17   the magistrate or the mediation process once notice is complete

18   for the opt-in plaintiffs and we've had an opportunity to

19   receive their data in order to review that.  So we would be

20   amenable to that.

21          THE COURT:  So, how about I hear -- that's in two

22   months' time, so how about in three months' time I hear from

23   you whether you would like the referral to the magistrate judge

24   at that time or the mediation program?

25          MR. RICKSECKER:  Maybe --

HB33CAMC

```
 1              THE COURT:  Four months?

 2              MR. RICKSECKER:  That would be better.

 3              THE COURT:  Ms. Bowers?

 4              MS. BOWERS:  Your Honor, as we have stated in our

 5     letter to you, there are currently other actions pending and we

 6     have found that it is most effective to explore settlement

 7     after discovery and depositions in these cases, on the city's

 8     part.  We're not foreclosed to settlement.  But we find there

 9     might be a more productive time to do it.

10              THE COURT:  How about we evaluate in four months.

11     I'll hear from you, and if the answer is we're not ready yet,

12     that's the answer, but it gives me a way of checking in on

13     whether the Court can be of assistance.

14              MS. BOWERS:  Thank you.

15              THE COURT:  I'll hear from you in four months on that.

16     Counsel, anything else I can address at this time?

17              MR. RICKSECKER:  Not at this time, your Honor.

18              MS. BOWERS:  Nothing further, thank you.

19              THE COURT:  Thank you.  Have a nice weekend.

20              (Adjourned)

21

22

23

24

25
```