USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: NOV 2 1 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HENRY CAMPBELL, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>CITY OF NEW YORK, NEW YORK, )<br>)<br>Defendant. )<br>) | **DISCOVERY STIPULATION GOVERNING COUNT I OF THE COMPLAINT**<br>1:16-cv-08719-AJN<br>(JURY TRIAL DEMANDED) |

The Parties have reached an agreement to focus discovery with respect to Count I of the Complaint on a limited set of Plaintiffs ("Discovery Plaintiffs"). Accordingly, the Parties respectfully request that this Court enter an Order approving this Joint Stipulation and adopting this proposed discovery plan.

The Parties have agreed to the following:

1. Plaintiffs commenced this action seeking to represent a class of employees who worked at the City of New York, Department of Homeless Services ("DHS") as (i) Peace Officers (Civil Service Title "Special Officers") and (ii) Sergeants (Civil Service Title "Supervising Special Officers") who claim that they are owed unpaid wages for hours worked in excess of 40 hours per week, i.e. Count I of the Complaint.

2. The Discovery Plaintiffs will be selected by the parties first by segmenting the plaintiffs by title and then generating a randomized list of plaintiffs by title through a computer program agreed upon jointly and done jointly. The parties will then select the first plaintiff on the randomized list as a Discovery Plaintiff and then every fifth plaintiff until the parties have reached the number of Discovery Plaintiffs in each title as enumerated below. Discovery

Plaintiffs shall be selected within thirty (30) days from the date that the Notice period time to opt-in closes.

3. The number of Discovery Plaintiffs selected from each civil service title shall consist of the greater of: (a) four plaintiffs serving in that civil service title; or (b) five percent of the total number of plaintiffs serving in that civil service title.

4. Prior to selecting the Discovery Plaintiffs, the parties will confer to determine whether any current plaintiff is ineligible for selection as a Discovery Plaintiff. In order to be eligible for selection as a Discovery Plaintiff in a particular title, a plaintiff must have served in that title for at least six (6) consecutive months during the period since November 9, 2013.

5. Within 30 days after the Discovery Plaintiffs are identified as provided for in paragraphs 2 and 3 above, Defendant will provide to counsel for plaintiffs a spreadsheet containing the title, work location, and date employment commenced and terminated (if applicable) for each Discovery Plaintiff.

6. Other than the exception noted below, the Plaintiffs' Request for Production of Documents, as it relates to discovery of information unique to individual Plaintiffs, will be limited during the relevant period to: (a) CityTime and FISA data (payroll) for *all* Plaintiffs; (b) relevant portions of personnel files of Discovery Plaintiffs, which shall include performance evaluations and disciplinary documents; (c) to the extent it exists, data demonstrating Discovery Plaintiffs' login and logout times to their work computers for those Discovery Plaintiffs that have computers at their assigned work station; (d) data demonstrating Discovery Plaintiffs' login and logout times to the extent that they exist to CARES only for those Discovery Plaintiffs that utilize the CARES computer program. Defendant shall produce the items specified in subparagraphs 7(a) through (d) within 90 days after the Discovery Plaintiffs are identified as

2

provided for in paragraph 2 above. This paragraph is not intended to be construed as limiting, and will not limit, Plaintiffs' ability to request and Defendant's obligation to provide other documents related to Discovery Plaintiffs' FLSA claims, such as memos, e-mails, letters, or other documents used or issued at the workplace or elsewhere by Defendant that are material to this case with respect to the Discovery Plaintiffs. Discovery of individual plaintiffs, except as noted herein, shall be limited to Discovery Plaintiffs. Nothing in this Stipulation precludes the parties from seeking discovery from additional persons with information relevant to the Discovery Plaintiffs. At this point, the parties have not agreed on the proper limits for the review and production of emails in this matter with respect to Discovery Plaintiffs and are working on relevant search terms to provide them. The parties are continuing to negotiate regarding this subject.

7. Defendant may take written discovery pursuant to the Local Rules of any and all of the Discovery Plaintiffs. Each Discovery Plaintiff may be deposed, but any such deposition will be limited to four hours each. With respect to discovery of supervisors, unless the parties agree to the contrary, no more than one supervisor of any Discovery Plaintiff shall be deposed by either party, and each deposition will be limited to four hours. If the supervisor supervises more than one Discovery Plaintiff, only one deposition per party, limited to six hours, may be taken.

8. After the completion of discovery relating to Discovery Plaintiffs, either party may request discovery from the Court relating to additional plaintiffs or additional discovery relating to Discovery Plaintiffs outside the scope of this Stipulation only on a showing of need. After the completion of discovery relating to the Discovery Plaintiffs either party may file a motion for summary judgment relating to their claims and Defendant may file a motion for

misjoinder/decertification. The parties will submit a joint briefing schedule relating to any summary judgment and misjoinder/certification motions.

9. Any individual who was not deposed or identified by name as a witness in a disclosure statement at least 30 days before the close of fact discovery may not submit an affidavit in support of or opposition to a motion for summary judgment or motion for decertification. This shall not be construed to permit non-Discovery Plaintiffs or supervisors of non-Discovery Plaintiffs to submit affidavits in support of a motion for summary judgment or motion for misjoinder/decertification.

[the remainder of this page has been intentionally left blank]

10. The parties agree that this joint stipulation is being used for discovery purposes only, and shall not constitute a waiver, whether express or implied, of defendant's right to request a trial as to liability and damages as to each plaintiff.

Dated: Washington, DC
November 16, 2017

Dated: New York, New York
November 16, 2017

**WOODLEY & McGILLIVARY**
Attorneys for Plaintiffs
1101 Vermont Street, N.W. Suite 1000
Washington, D.C. 20005
(202) 833-8855

By: _____
Greg McGillivary

**CORPORTION COUNSEL OF THE CITY OF NEW YORK**
Attorney for Defendant
100 Church Street, Room 2-139
New York, New York 10007
(212) 356-2473

By: _____
Kerrin Bowers
Assistant Corporation Counsel

**SPIVAK LIPTON, LLP**
Attorneys for Plaintiffs
1700 Broadway
Suite 2100
New York, NY 10019
(212) 765-2100

By: _____
Hope Pordy

SO ORDERED:
_____
Hon. Alison J. Nathan

11/21/17